## Miggs v. Miggs
### [Cite as 8 AOA 231]

*Case No. CA-2779*
*Richland County, (5th)*
*Decided November 2, 1990*

*Victoria T. Bartels, Richland County Legal Services, 35 North Park Street, Mansfield, Ohio 44902, for Plaintiff-Appellant.*

*T. Michael Dorner, 602 Richland Bank Building, Mansfield, Ohio 44902, for Defendant-Appellee.*

MILLIGAN, J.

This is a convoluted saga of custodial dispute between the natural mother and the former husband of the mother (not the father). The victim is James Lewis Miggs, Jr., age 10.

Following the birth of the subject child, appellant married James Lewis Miggs, Sr., appellee, in September 1980.

On May 22, 1990, appellee filed a judgment of the General Court of Justice, District Court Division, Durham County, North Carolina, in the Richland County Common Pleas Court, Division of Domestic Relations. The six page judgment orders, *inter alia*, that custody be granted to appellee subject to controlled visitation. (It facially recites that the matter was heard on appellee's motion for change of custody; that service of the motion was bad upon "plaintiff's attorney;" that plaintiff made no appearance at the hearing; and that "the plaintiff and her minor child left the state of North Carolina and moved to

Ohio." The court also found that following prior scheduled hearings, appellant's attorney was granted leave to withdraw as counsel.) Although the record does not demonstrate service of process, the next docketed pleading is appellant's motion for relief from judgment and stay. June 1, 1990.

That same day, the court, acting *ex parte* and without hearing, ordered the cause set for hearing on June 29 and granted a stay. That order was granted at 2:04 p.m. At 2:23 p.m., the court ordered appellant to deliver the child by 3:00 p.m. that date to the Richland County Children's Services for transfer to a North Carolina Children's Services agency, further ordering that if the appellant failed to comply by the 3:00 p.m. deadline "order shall issue for said child to be turned over to the defendant-father."

On June 4, 1990, the court found that appellant failed and refused to transfer and deliver the child and ordered that the sheriff recover and pick up the minor child and deliver him to appellee.

That same day, June 1990, appellant filed her notice of appeal.

She assigns four errors:

"I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN, PRIOR TO THE SCHEDULED HEARING ON THE MERITS, IT ENTERED AN ORDER ENFORCING THE NORTH CAROLINA JUDGMENT FROM WHICH APPELLANT SOUGHT RELIEF. BECAUSE ENFORCEMENT OF THE JUDGMENT IN OHIO WILL MOOT APPELLANT'S MOTION FOR RELIEF FROM THAT JUDGMENT IN OHIO, THE TRIAL COURT EFFECTIVELY DENIED APPELLANT'S MOTION FOR RELIEF WITHOUT ANY CONSIDERATION ON THE MERITS.

"II. THE TRIAL COURT ERRED IN EFFECTIVELY DENYING APPELLANT'S MOTION FOR RELIEF BECAUSE APPELLANT IS ENTITLED TO RELIEF FROM JUDGMENT AS A MATTER OF LAW IN THAT APPELLEE LACKED STANDING TO INVOKE THE NORTH CAROLINA COURT'S JURISDICTION.

"III. THE TRIAL COURT ABUSED ITS DISCRETION BY PREDICATING ITS DISPOSITION CONCERNING THE CUSTODY OF APPELLANT'S MINOR CHILD UPON APPELLANT'S COMPLIANCE WITH A CONFLICTING ORDER FILED AFTER THE TIME FOR COMPLIANCE HAD PASSED, AND NOT UPON THE CHILD'S BEST INTEREST OR THE MERITS OF THE LEGAL ISSUES.

"IV. THE TRIAL COURT ERRED WHEN, TO ENFORCE THE NORTH CAROLINA ORDER, IT ORDERED THE RICHLAND COUNTY SHERIFF'S DEPARTMENT TO DELIVER APPELLANT'S CHILD TO APPELLEE."

The Uniform Child Custody Jurisdiction Act was adopted to ameliorate many of the problems incident to parental interstate child-napping. It represents a legislative effort to balance the separate jurisdictional powers and authorities of each of the states against the need for finality, simplicity of procedure, continuity, consistency, and most hopefully, the best interests of the victimized children. History will be the judge of whether its provisions, in implementation, have detracted from or added to the problem.

In this case, because of the summary action of the trial court, the expectations of the uniform act were never tested.

We conclude that the trial court abused its discretion when it refused to conduct a hearing on the motion for relief from judgment prior to the order directing custodial detention of the child.

Although it has been suggested that *habeas corpus* is a viable remedy to the mother who claims jurisdictional defects in the North Carolina judgment, we hasten to observe that an expectation of the uniform act was to balance the legitimate jurisdictional state interest of the several states against the imperative of consistency, continuity, fairness, and ultimate determination in the best interests of the child-victims.

It was anticipated that implementation of the act would resolve conflict and expedite child custody proceedings with interstate implications. It was further anticipated that the remedies afforded would provide adequate legal remedies negating the appropriateness of *habeas corpus* to challenge foreign jurisdictional authority.

Our rulings on each of the assignments of error are predicated upon our singular conclusion that the trial court erred, as a

matter of law, in denying a hearing on the motion for relief from judgment filed by appellant. We sustain the first and second assignments of error and overrule the third and fourth assignments of error.

In addition to the jurisdictional requirement of Uniform Child Custody affidavits, R.C. 3109.27, the chapter supplies procedures to be followed upon the filing of the foreign custody decree, R.C. 3109.32. See R.C. 3109.23, .24, .29, .30 and .34.

This cause is remanded to the Richland County Common Pleas Court, Division of Domestic Relations, for further proceedings according to law.

PUTMAN, P.J., and SMART, J., concur.